# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 10-10142 (KG)** |
| **SPECIALTY PACKAGING HOLDINGS,** | ) | **(Joint Administration Requested)** |
| **INC.,** *et al.,*[1] | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

### ORDER: (A) APPROVING AUCTION PROCEDURES TO SELL SUBSTANTIALLY ALL ASSETS OF CERTAIN DEBTORS AND TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (B) APPROVING BID PROTECTIONS; (C) SETTING DATE OF AUCTION; (D) SETTING SALE HEARING; AND (E) APPROVING FORM OF NOTICE

THIS MATTER is before the Court on the motion (the "**Motion**")[2] of Specialty

Packaging Holdings, Inc. ("**SPH**"), together with its direct and indirect debtor subsidiaries, The

Specialty Packaging Group, Inc. ("**SPG**"), Cosmetics Specialties, Inc. ("**CSI**"), Cosmolab, Inc.

("**Cosmolab**"), Cosmetics Specialties East, LLC ("**CSE**"), and Cosmolab New York, Inc.

("**CNY**") as debtors and debtors-in-possession in the above-captioned chapter 11 cases; for entry

of an order, pursuant to 11 U.S.C. §§ 105(a), 363(b), (f) and (m), 365, 503, 507(b), 364(c)(1) and

(d), 1107 and 1108 (the "**Bankruptcy Code**"), and Rules 2002, 6004, 6006, 9007 and 9014 of

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"): (i) authorizing the sale

of substantially all of the assets of CSI, Cosmolab, and CNY (collectively, the "**Selling**

---

[1]    The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Specialty Packaging Holdings, Inc. (7942), The Specialty Packaging Group, Inc. (6668), Cosmetics Specialties, Inc. (0826), Cosmolab, Inc. (1367), Cosmetics Specialties East, LLC (0313), and Cosmolab New York, Inc. (2222). The primary mailing address for the Debtors is: 1100 Garrett Parkway, Lewisburg, TN 37091.

[2]    Unless otherwise stated, all capitalized terms not defined herein shall have the same meaning as set forth in the Motion.

**Debtors"**), free and clear of liens, claims, interests and encumbrances, and authorizing the assumption and assignment of certain of the Selling Debtors' executory contracts and unexpired leases (the **"Sale"**), (ii) establishing auction procedures (the **"Bidding Procedures"**) for the Sale, (iii) establishing certain bid protections (the **"Bid Protections"**) in connection therewith; (iv) approving the form of notice and related relief (the **"Sale Motion"**); (v) scheduling an auction (the **"Auction"**) in connection with the Sale; (vi) scheduling the Sale Hearing (as defined below); and (vi) granting other related relief. After due deliberation having determined that the relief requested in the Motion related to the approval of Bidding Procedures, the Bid Protections, notices, and setting deadlines and other dates, among other things, is in the best interests of the Debtors, their estates, creditors and equity security holders,

### THE COURT HEREBY FINDS THAT:

A.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      Notice of the Motion, having been given to (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' 40 largest unsecured creditors on a consolidated basis; (iii) counsel for Bank of America; and, (iv) all parties asserting a security interest in the assets of the Debtors to the extent reasonably known to the Debtors, is sufficient in light of the circumstances and the nature of the relief requested.

### IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The Debtors Motion is granted with respect to the establishment of proposed Bidding Procedures, and the Notice of Bidding Procedures (the **"Sale Notice"**) attached to the Sale Motion as Exhibit C is hereby approved.

2.     **The Auction**: Subject to the terms of the Sale Notice and this Order, Debtors shall conduct an auction **(the "Auction") at the offices of Klehr, Harrison, Harvey, Branzburg LLP, 919 N. Market St., Ste. 1000, Wilmington, Delaware 19801, or such other location as designated by the Debtors, at 10:00 a.m. (Eastern Time) on _____, 2010**. The Debtors shall conduct the auction, and any activities related to the sale, pursuant to the terms and conditions set out in the Sale Notice.

3.     **The Sale Hearing**: The Court hereby sets _____, 2010 at ___:___ __. m. (Eastern Time), as the date for the Sale Approval Hearing.** The place of the hearing shall be the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801. The Sale Hearing may be adjourned or rescheduled without notice other than by an announcement of the adjourned date at the Sale Hearing.

4.     **Back-Up Bids**: All Qualified Bids submitted by potential purchasers who are not the Successful Purchaser shall be binding as Back-Up Bids pursuant to the terms of the Sale Notice. Debtors shall return Earnest Money Deposits to bidders as required by the Sale Notice.

5.     **Notice of Sale: The Sale Notice shall be served within three (3) business days of entry of this Order**, upon: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for Bank of America; (iii) counsel for the Committee; (iv) counsel for the Buyer; (v) all parties who have filed a notice of appearance or otherwise requested notice in these chapter 11 proceedings in accordance with local rules and procedures or orders of this Court; (vi) all persons or entities with a lien on, or security interest in, any of the Purchased Assets known to the Debtors; (vii) the counterparty to each executory contract and unexpired lease of the Selling Debtors; (viii) all taxing authorities having jurisdiction over any of the Purchased Assets,

-3-

including the Internal Revenue Service; (ix) all potential buyers known by the Debtors, (x) Attorneys General in the States where the Purchased Assets are located; (xi) federal and applicable state environmental protection agencies; (xii) the Office of the United States Attorney; (xiii) any department, agency or instrumentality of the United States to which the Selling Debtors are indebted; and, (xiv) those entities listed on the Debtors' Creditor Matrix and the list of the Debtors' equity interest holders of record submitted to this Court. The Sale Notice, Bidding Procedures Motion, Sale Motion and Purchase Agreement will also be available on www.kccllc.net/sph.

6. **Bid Protections:** Further, the following Bid Protections are hereby approved:

(a) Break-Up Fee: The Selling Debtors shall be jointly and severally obligated to pay the Buyer a break-up fee in the amount of Four-Hundred Thousand Dollars ($400,000) (the "**Break-Up Fee**"): (1) if Buyer terminates the Purchase Agreement pursuant to Section 11.1(b)(i)(x); (2) if Buyer terminates the Purchase Agreement pursuant to Section 11.1(b)(i)(y) and if within three (3) months of such termination, Sellers sell all or any significant part of the Purchased Assets to a Person that is not an Affiliate of Buyer; (3) if Cosmolab terminates the Purchase Agreement pursuant to Section 11.1(d) and within three (3) months of such termination, Sellers shall sell all or any significant part of the Purchased Assets to a Person that is not an Affiliate of Buyer. Payment of the Break-Up Fee shall not require any further order of the Court, and the Break-Up Fee will be paid within three (3) Business Days of the event giving rise to payment, as provided in the Purchase Agreement.

(b) Overbid Protection: In order to be qualifying topping bids, any competing bids must include a Minimum Overbid of at least the amount of (i) the Purchase Price offered by the Buyer plus (ii) cash in the amount of the Break-Up Fee plus (iii) an additional cash overbid of at least $200,000. At this Auction, the overbid increment will then be $200,000.

7. **Assumed Contracts and Leases: Within ten (10) business days after entry of this Order**, the Debtors shall serve a notice (the "**Assignment Schedule Notice**") on all counterparties to all executory contracts and leases to which the Selling Debtors are a party, which shall include (i) a schedule (the "**Assignment Schedule**") identifying all executory

-4-

contracts and leases to which the Selling Debtors are a party and specifying the cure amounts (the **"Cure Amounts"**) necessary to assume and assign such executory contracts and leases, and (ii) a written notification that such executory contracts and leases may be assumed and assigned by the Debtors and that failure to file a timely objection to such Assignment Schedule Notice shall constitute deemed consent to such assumption and assignment of such party's executory contract or lease, as may be selected and identified by the Buyer or other Successful Bidder. The Debtors and the Buyer, or such other Successful Bidder, have reserved the right to add or delete contracts or leases from the Assignment Schedule up to the Closing Date. The assumption and assignment of any Assumed Contract shall not be binding on the Debtors or the Buyer or other Successful Bidder until the Debtors file a Notice of Closing, which shall be filed within two business days after completion of the Closing and shall be served on all counter-parties to the Assumed Contracts.

8.     **Objection Deadlines for Assumption/Assignment:** Objections, if any, to the proposed assumption and assignment of the Assumed Contracts, including, but not limited to, objections relating to adequate assurances of future performance or the Cure Amounts, must (a) be in writing and filed with this Court and served upon the following **on or before** _____**, 2010**:  (i) Cosmolab, Inc., Attn: Michael J. Musso, 1100 Garrett Parkway, Lewisburg, Tennessee 37091; (ii) counsel for the Debtors, Frost Brown Todd LLC, Attn: Robert A. Guy, Jr., Esq., 424 Church Street, Suite 1600, Nashville, Tennessee 37219-2308; (iii) local counsel for the Debtors, Domenic E. Pacitti, Klehr Harrison Harvey Branzburg LLP, 919 N. Market St., Ste. 1000, Wilmington, Delaware 19801, (iv) counsel for Bank of America, Mayer Brown LLP , Attn: Thomas S. Kiriakos, Esq., 71 South Wacker Drive, Chicago, Illinois 60606-4637; (v) local counsel for Bank of America, Edwards Angell Palmer & Dodge LLP, Attn: Stuart

-5-

M. Brown, 919 North Market Street, 15th Floor, Wilmington, Delaware 19801; (vi) counsel for the Buyer, Timothy T. Brock, Esq., Satterlee Stephens Burke & Burke, LLP, 230 Park Avenue, Suite 1130, New York, NY 10169; (v) counsel for the Committee; and, (vii) the Office of the United States Trustee for District of Delaware, Attn: Thomas Patrick Tinker, 844 King Street, Room 2313, Wilmington, DE 19801; and (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of this Court. Any counterparty to a contract or lease that is added to the Assignment Schedule shall have five (5) business from the date of service of the notice of any supplemental Assignment Schedule Notice to object to the proposed assumption and assignment such contract or lease. Further:

(a) Any party failing to timely file an objection to the Cure Amounts set forth on the Assignment Schedules or to the proposed assumption and assignment of the Assumed Contracts, shall be forever barred from objecting to the Cure Amounts and from asserting any additional cure or other amounts against the Debtors, their estates, and the Buyer or other Successful Bidder with respect to its executory contract(s) or unexpired lease(s) and will be deemed to consent to the proposed assumption and assignment of its executory contract(s) or unexpired lease(s).

(b) Where a party to an Assumed Contract files a timely objection asserting a higher cure amount than the Cure Amount and the parties are unable to consensually resolve the dispute prior to the Sale Hearing, the amount to be paid under section 365 of the Bankruptcy Code with respect to such objection will be determined at the Sale Hearing or such other date and time as may be fixed by this Court, including such later date as may be set for Assumed Contracts which are added to the Assignment Schedule after the Sale Hearing but before the Closing. All other objections to the proposed assumption and assignment of the Assumed Contracts will be heard at the Sale Hearing, unless otherwise ordered by the Court.

9.     **Objection Deadlines for the Sale/Sale Motion:** Objections, if any, to the relief requested in the Sale Motion must: (a) be in writing and filed with the Court; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; (c) set forth the names of the objecting party and the nature and the amount of any claim or interest alleged by such objecting party against the Debtors' estates or property; and (d) be served upon (such as to

be **received** by) the following parties **on or before 12:00 p.m. (Eastern Time)** _____, **2010**: (i) Cosmolab, Inc., Attn: Michael J. Musso, 1100 Garrett Parkway, Lewisburg, Tennessee 37091; (ii) counsel for the Debtors, Frost Brown Todd LLC, Attn: Robert A. Guy, Jr., Esq., 424 Church Street, Suite 1600, Nashville, Tennessee 37219-2308; (iii) local counsel for the Debtors, Domenic E. Pacitti, Klehr Harrison Harvey Branzburg LLP, 919 N. Market St., Ste. 1000, Wilmington, Delaware 19801, (iv) counsel for Bank of America, Mayer Brown LLP , Attn: Thomas S. Kiriakos, Esq., 71 South Wacker Drive, Chicago, Illinois 60606-4637; (v) local counsel for Bank of America, Edwards Angell Palmer & Dodge LLP, Attn: Stuart M. Brown, 919 North Market Street, 15th Floor, Wilmington, Delaware 19801; (vi) counsel for the Buyer, Timothy T. Brock, Esq., Satterlee Stephens Burke & Burke, LLP, 230 Park Avenue, Suite 1130, New York, NY 10169; (v) counsel for the Committee; and, (vii) the Office of the United States Trustee for District of Delaware, Attn: Thomas Patrick Tinker, 844 King Street, Room 2313, Wilmington, DE 19801.

10.    **Jurisdiction of Court**:    The Court hereby retains jurisdiction for all matters related to the Sale.

Dated: _____
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE