IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPECIALTY PACKAGING HOLDINGS, INC., *et al.*,[1] | Case No. 10-10142 (KG) (Jointly Administered) |
| Debtors. | *Re Dkt #77* |

## AGREED ORDER (I) EXTENDING THE DEBTORS' AUTHORIZATIONS UNDER THE INTERIM FINANCING ORDER (A) REGARDING POSTPETITION FINANCING; (B) USE OF CASH COLLATERAL; (C) SUPERPRIORITY LIENS AND CLAIMS; AND (D) ADEQUATE PROTECTION; AND (II) SCHEDULING AND ESTABLISHING DEADLINES RELATING TO A FINAL HEARING ON SUCH MATTERS

Upon the agreement of counsel to the above captioned Debtors and debtors-in-possession, counsel to the Agent and Bank (as such terms are defined in the Interim Financing Order), counsel to the Pre-Petition Agent and Pre-Petition Lender (as such terms are defined in the Interim Financing Order), and counsel to the Committee of Unsecured Creditors (the "Committee") and pursuant to sections 105, 361, 362, 363, and 364 of the United States Bankruptcy Code, 11 U.S.C. §§101, *et seq.* (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (I) for the entry of this Agreed Order Extending the Debtors' Authorizations Under the Interim Financing Order[2] (A) Regarding Postpetition

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Specialty Packaging Holdings, Inc. (7942), The Specialty Packaging Group, Inc. (6668), Cosmetics Specialties, Inc. (0826), Cosmolab, Inc. (1367), Cosmetics Specialties East, LLC (0313), and Cosmolab New York, Inc. (2222). The primary mailing address for the Debtors is: 1100 Garrett Parkway, Lewisburg, TN 37091.

[2] On January 21, 2010, this Bankruptcy Court entered an Interim Financing Order (the "Interim Financing Order") (Dkt. No. 43) following a hearing held and concluded on January 21, 2010 (the "Interim Hearing"). Unless otherwise defined herein, capitalized terms used herein shall have the meanings assigned thereto in the Interim Financing Order.

1

Financing; (B) Use of Cash Collateral; (C) Superpriority Liens and Claims; and (D) Adequate Protection; and (II) Scheduling and Establishing Deadlines Relating to a Final Hearing on Such Matters, this Bankruptcy Court having considered this Agreed Order; and due notice having been given under the circumstances; and having received no response or objection to the requested relief; and upon all of the pleadings filed with the Court; and upon the record made by the Debtors at the Interim Hearing; and after due deliberation and consideration and good and sufficient cause appearing therefor; and this Bankruptcy Court finding that the relief requested is in the best interest of the Debtors' and their estates, it is hereby

ORDERED, that the Motion is granted, as set forth herein; and it is further

ORDERED, that the Interim Period (as such term is defined in the Interim Financing Order) shall be extended through and including February 9, 2010 and all references in the Interim Financing Order to February 8, 2010 shall be construed to mean February 9, 2010; and it is further

ORDERED, that with the consent of the Agent and the Bank (as such terms are defined in the Interim Financing Order), Section 12.1.14 of the DIP Credit Agreement (as such term is defined in the Interim Financing Order) is hereby amended to change the date of February 8, 2010 to February 10, 2010; and it is further

ORDERED, that the Final Hearing (as such term is defined in the Interim Financing Order) is to be held on February 9, 2010 at 3:00 p.m. (prevailing Eastern Time) to consider entry of the Final Financing Order; and it is further

ORDERED, that the Committee shall file any written objections to the entry of the Final Financing Order with the Bankruptcy Court no later than 4:00 p.m. (prevailing Eastern Time) on February 5, 2010, which objections shall be served in the same manner specified in the Interim

Financing Order. Without limiting the generality of the foregoing, but to avoid confusion, any objections to the entry of the Final Financing Order by any party in interest other than the Committee shall be filed within the time period and in the manner specified by the Interim Financing Order; and it is further

ORDERED, the terms of the Interim Financing Order shall otherwise remain in full force and effect; and it is further

ORDERED, that this Bankruptcy Court shall retain jurisdiction to enforce the terms of this Order.

Dated: Wilmington, Delaware
February 4, 2010

_____
Kevin Gross, United States Bankruptcy Judge