IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SPECIALTY PACKAGING HOLDINGS, INC., *et al.*,[1] | ) ) ) ) | Case No. 10-10142 (KG) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) Related to Docket No. 60 |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF (A) MORRIS-ANDERSON & ASSOCIATES, L.P., TO PERFORM CRISIS MANAGEMENT SERVICES FOR THE DEBTORS, (B) MICHAEL J. MUSSO AS CHIEF RESTRUCTURING OFFICER AND INTERIM CHIEF EXECUTIVE OFFICER, AND (C) STEVEN AGRAN AS ASSISTANT CHIEF RESTRUCTURING OFFICER, PURSUANT TO BANKRUPTCY CODE §§ 105(a) AND 363 *NUNC PRO TUNC* TO THE PETITION DATE

THIS MATTER is before the Court on the motion (the "**Motion**")[2] of above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), for entry of an order authorizing the employment and retention of Morris-Anderson & Associates, L.P. ("**MA&A**") to perform Crisis Management Services for the Debtors, including providing Michael J. Musso ("**Mr. Musso**") as Chief Restructuring Officer ("**CRO**") and Interim Chief Executive Officer ("**Interim CEO**") and Steven Agran ("**Mr. Agran**") as Assistant Chief Restructuring Officer ("**Asst. CRO**") pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date; and upon the *Declaration of Michael J. Musso in Support of Motion for an Order Authorizing the Employment and Retention of (A) MA&A to Perform Crisis Management*

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Specialty Packaging Holdings, Inc. (7942), The Specialty Packaging Group, Inc. (6668), Cosmetics Specialties, Inc. (0826), Cosmolab, Inc. (1367), Cosmetics Specialties East, LLC (0313), and Cosmolab New York, Inc. (2222). The primary mailing address for the Debtors is: 1100 Garrett Parkway, Lewisburg, TN 37091

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

DEL1 74065-1

*Services, (B) Michael J. Musso as Chief Restructuring Officer, and (C) Steven Agran as Assistant Chief Restructuring Officer Pursuant to Bankruptcy Code § 363 Nunc Pro Tunc to the Petition Date* (the "**Musso Retention Declaration**"); and this Court having determined that such retention and employment is in the best interests of the Debtors, their estates, creditors and equity security holders; and notice of the Motion and the hearing on the Motion having been given to all parties entitled to receive notice; and it appearing that no other or further notice of the Motion need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby:

1. ORDERED that the Motion is granted and approved as modified herein; and it is further

2. ORDERED that, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain (a) MA&A to perform crisis management services to the Debtor, (b) Mr. Musso as CRO and Interim CEO, and (c) Mr. Agran as Asst. CRO, *nunc pro tunc* to the Petition Date, on the terms set forth in the MA&A Work/Project Authorization and Agreement for Consulting Services (collectively, the "**Engagement Agreement**") and the Motion; and it is further

3. ORDERED that MA&A and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claim administrator, or investor/acquirer) in connection with these Chapter 11 cases; and it is further

4. ORDERED that in the event the Debtors seek to materially change the terms of the engagement by either (i) modifying the functions of the personnel, except as provided in the Engagement Agreement, (ii) adding new personnel not contemplated in the Engagement

Agreement, or (iii) altering or expanding the scope of the Engagement Agreement, a motion to modify the retention shall be filed; and it is further

5. ORDERED that MA&A shall file with the Court, with copies to the Office of the United States Trustee and counsel for any official committee of unsecured creditors that may be appointed in these Chapter 11 cases (the "**Committee**"), a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed; and it is further

6. ORDERED that no principal, employee or independent contractor of MA&A and its affiliates shall serve as a director of the above-captioned Debtors during the pendency of these Chapter 11 cases; and it is further

7. ORDERED that the Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy; and it is further

8. ORDERED that there shall be no indemnification of MA&A or its affiliates; and it is further

9. ORDERED that for a period of three years after the conclusion of the engagement, neither MA&A nor any of its affiliates shall make any investments in the Debtors or the reorganized Debtors; and it is further

10. ORDERED that MA&A shall disclose any and all facts that may have a bearing on whether the firm, its affiliates and/or any individuals working on the engagement hold or

represent any interest adverse to the Debtors, its creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation; and it is further

11. ORDERED that the Debtors shall pay MA&A, pursuant to the terms of the Engagement Agreement, for services rendered to the Debtors, and shall reimburse MA&A for reasonable out of pocket expenses incurred in connection with such services as further detailed in the Engagement Agreement, including such services rendered in connection with the Motion, which in each case shall not hereafter be subject to challenge except under the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

12. ORDERED that as and to the extent set for in the Engagement Agreement, MA&A will be paid weekly by the Debtors and success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee; and it is further

13. ORDERED that, notwithstanding anything to the contrary in the Engagement Agreement, this Court shall have jurisdiction to address any matters relating to the provision of services authorized by this Order; and it is further

14. ORDERED that MA&A shall file with this Court, and provide notice to the United States Trustee and counsel for the Committee, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain entries describing the task(s) performed, and (iii) be organized by project

category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10 hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. The notice of filing of such reports will provide a seventeen (17) day period for objections, and will be subject to review by the Court if an objection is filed.

Dated: February 17, 2010
Wilmington, Delaware

Honorable Kevin Gross
United States Bankruptcy Judge

DEL1 74065-1