**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------------------x
                                                :
In re                                           :          **Chapter 11**
                                                :
**SPECIALTY PACKAGING HOLDINGS, INC.,** *et al.,*[1] :   **Case No.  10-10142 (KG)**
                                                :          **(Jointly Administered)**
                      **Debtors.**              :
                                                :
-------------------------------------------------------------------x

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## SPECIALTY PACKAGING HOLDINGS, INC.

---

[1]      The Debtors in these Chapter 11 cases are (with the last four digits of federal tax identification numbers in parentheses): Specialty Packaging Holdings, Inc. (7942), The Specialty Packaging Group, Inc. (6668), Cosmetics Specialties, Inc. (0826), Cosmolab, Inc. (1367), Cosmetics Specialties East, LLC (0313), and Cosmolab New York, Inc. (2222). The primary mailing address for the Debtors is: 1100 Garrett Parkway, Lewisburg, TN 37091.

| In re: | ) | **Chapter 11** |
|---|---|---|
| | ) | |
| | ) | **Case No. 10-10142 (KG)** |
| **SPECIALTY PACKAGING HOLDINGS,** | ) | **(Jointly Administered)** |
| **INC., *et al.*,**[1] | ) | |
| | ) | |
| Debtors. | ) | |

**GLOBAL NOTES, DISCLAIMERS AND RESERVATION OF RIGHTS
CONCERNING THE DEBTORS' SCHEDULES AND STATEMENTS**

The Schedules of Assets and Liabilities and Statements of Financial Affairs (the **"Schedules and Statements"**) filed by Specialty Packaging Holdings, Inc., together with certain of its direct and indirect subsidiaries (collectively, the **"Debtors"**), in the United States Bankruptcy Court for the District of Delaware (the **"Bankruptcy Court"**), were prepared pursuant to 11 U.S.C. § 521 and Fed.R.Bankr.P. 1007 by management of the Debtors and are unaudited. The Debtors have made every reasonable effort to allocate liabilities between prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. While management of the Debtors has made reasonable efforts to file complete and accurate Schedules and Statements based upon information available at the time of preparation, the Schedules and Statements remain subject to further review and verification by the Debtors. Subsequent information may result in material changes in financial and other data contained in the Schedules and Statements. The Debtors reserve their right to amend or supplement their Schedules and Statements from time to time as may be necessary or appropriate. These Global Notes, Disclaimers and Reservation of Rights Concerning the Debtors' Schedules and Statements (the **"Global Notes"**) are incorporated by reference in, and comprise an integral part of, the Schedules and Statements and should be referred to and reviewed in connection with any review of the Schedules and Statements.

1. <u>Description of the Cases and "As Of" Information Date</u>: On January 20, 2010 (the **"Petition Date"**), the Debtors each filed voluntary petitions with the Bankruptcy Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, <u>et seq.</u> (as amended, the **"Bankruptcy Code"**). The cases have been consolidated for the purpose of joint administration under case number 10-10142. The Debtors are currently operating their businesses as debtors-in-possession pursuant to the Bankruptcy Code. Except as otherwise noted, all asset and liability information is as of the close of business on January 19, 2010.

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Specialty Packaging Holdings, Inc. (7942), The Specialty Packaging Group, Inc. (6668), Cosmetics Specialties, Inc. (0826), Cosmolab, Inc. (1367), Cosmetics Specialties East, LLC (0313), and Cosmolab New York, Inc. (2222). The primary mailing address for the Debtors is: 1100 Garrett Parkway, Lewisburg, TN 37091

2.    Basis of Presentation:  These Schedules and Statements consolidate financial information for Debtor entities only and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("**GAAP**"), nor are they intended to fully reconcile to any financial statements otherwise prepared and/or distributed by the Debtors.

Given the uncertainty surrounding the collection, valuation and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that the Debtors show more assets than liabilities, this is not an admission that the Debtors were solvent on the Petition Date or at any time prior to the Petition Date.  Likewise, to the extent that the Debtors show more liabilities than assets, this is not an admission that the Debtors were insolvent at the Petition Date or any time prior to the Petition Date.

3.    Summary of Significant Reporting Policies.  The following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

a.  Fair Market Value; Book Value.  Unless otherwise indicated, each asset and liability of the Debtors shown in their respective Schedules are provided on the basis of the book value of the asset or liability as indicated in the Debtors' respective books and records, net of any applicable depreciation, amortization or reserves.  Unless otherwise noted, the net book value as shown on the Debtors' books, rather than the current market values of interests in property and liabilities, is reflected on Debtors' Schedules.

b.  Real Property.  Real property value is based on a June 1, 2009 appraisal by B.G. Jones & Company LLC.  The appraised value of undeveloped land has an aggregate value of $40,000, which the Debtors prorated between the two land properties on a per-acre basis.  The Debtors' office/manufacturing facility and warehouse appraised at $3,200,000 "as is" market value.  The Debtors prorated the appraised value of the office/manufacturing facility and warehouse on the Schedules using the appraisal results of $3,420,000 and $650,000 respectively under the sales comparison approach.

c.  Inventories.  Inventories are valued in the Schedules at the values reflected on the Debtors' books and records.  Inventory where applicable is presented without consideration for any potential warehousemen's or similar liens.  The inventory values reflected in the Schedules include approximately $5,000,000 of inventory which the Debtors believe to be obsolete or otherwise unsalable.  Under the terms of the Asset Purchase Agreement with All4 Cosmetics, Inc., which agreement is subject to higher or otherwise better bids in accordance with the sale procedures approved by the Bankruptcy Court, the Debtors are obligated to dispose of the unsalable and obsolete inventory prior to the closing on the sale.

d.  Machinery and Equipment.  Machinery and equipment values reflected in the Schedules for Cosmolab, Inc. and Cosmetics Specialties, Inc. are based on the June 16, 2009 orderly liquidation appraisal prepared by MEI Corporation.  The appraised value reflected for the machinery and equipment of Cosmetics

Specialties, Inc. excludes machinery and equipment sold on October 23, 2009 with the sale of Cosmetics Specialties, Inc.'s jars and closure business.

e. <u>Leased Real and Personal Property</u>. In the ordinary course of businesses, the Debtors lease real property and various articles of personal property from certain third-party lessors. Such leases are set forth in the Schedules and Statements to the extent the Debtors have been able to identify such leases. The property subject to these leases is not reflected in the Schedules and Statements as either owned property or assets of the Debtors or property or assets of third-parties within the control of the Debtors. The obligations under personal property leases have been included in Schedule D (secured debt) to the extent that the Debtors have determined that a valid UCC-1 filing is in effect. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any personal property lease (including whether it is a true lease or a financing arrangement) and the Debtors reserve all rights with respect to all such issues.

f. <u>Causes of Action</u>. The Debtors have not set forth causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

g. <u>Potential Adjustments to Claims</u>. The claims of individual creditors are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, potential set-off rights or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights respecting such credits, allowances, potential set-off rights or other adjustments.

h. <u>Schedule D</u>.

On February 17, 2005, the Debtors, various financial institutions (the "**Pre-Petition Lenders**") and Bank of America, N.A., as Administrative Agent and as a Pre-Petition Lender, entered into that certain Amended and Restated Credit Agreement (as amended, restated, or otherwise modified from time to time, the "**Pre-Petition Credit Agreement**"). Among other financial accommodations, the Pre-Petition Credit Agreement provided for a revolving credit facility of up to $15,750,000, subject to a borrowing base, a term loan of $5,700,000, and capital expenditure loans of up to $2,000,000. The Specialty Packaging Group, Inc. is the obligor and Specialty Packaging Holdings, Inc and certain direct and indirect subsidiaries of The Specialty Packaging Group, Inc. are guarantors under the Pre-Petition Credit Agreement. The Pre-Petition Credit Agreement is secured by substantially all of the assets of the Debtors.

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute

or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. To the extent that a claim listed on Schedule D as a result of a UCC filing is based upon an executory contract, the Debtors, to the best of their ability, have included those executory contracts on Schedule G. However, there may be instances where an executory contract related to a UCC filing on Schedule D was not available at the time of the filing of the Schedules. To the extent that these additional executory contracts become available, the Debtors reserve the right to amended Schedule G.

i.  <u>Schedule E</u>.  The Debtor reserves the right to dispute or challenge whether creditors listed on Schedule E are entitled to priority claims.

j.  <u>Schedule G</u>.  While every effort has been made to ensure the accuracy of the Schedule of Executory Contracts, inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein.  Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute.  Executory agreements that are oral in nature, if any, have been scheduled to the best of the Debtors' knowledge.  Additionally, the Debtors may be parties to various other agreements concerning real property, supplemental agreements, amendments/letter agreements, and other miscellaneous agreements.  Such agreements, if any, are not set forth in Schedule G.  Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.  The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on these

CINLibrary 0118422.0573249 2072024v1

Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument. Additionally, there may be instances where the Debtors were unable to locate a particular executory contract or unexpired lease in connection with preparation of Schedule G and such instruments may have been inadvertently omitted from Schedule G. To the extent the Debtors locate such additional executory contracts or unexpired leases, the Debtors reserve the right to amend Schedule G.

4.   Payments of Certain Claims. Certain of the Debtors' Schedules list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date. The Bankruptcy Court has authorized the Debtors to pay certain prepetition claims relating to wages, salaries, employee benefits, essential vendors, shipping, warehousing, and foreign supply charges and to honor certain prepetition obligations to customers and to otherwise continue in the ordinary course of business their customer programs and practices. Accordingly, portions of such claims may have been paid or otherwise reduced prior to the preparation of the Schedules and are not included on Schedules E or F (as applicable).

The Debtors advised their employees on the Petition Date of certain changes to the Debtors' benefits policy, including changes to the vacation policy and the implementation of a personal day policy. These changes provide in part that, effective February 5, 2010, employees no longer accrue vacation time and all accrued and unused vacation time must be used by March 21, 2010 (subject to the limits of the Bankruptcy Court's order permitting the payment of pre-petition wages and benefits) or the employees will lose the balance of any remaining accrued and unused vacation time. In accordance with the Debtors' current benefits policy, employee benefits relating to vacation or personal days have no cash value and either have been satisfied or are in the process of being satisfied and, therefore, are not reflected in the Schedules.

In addition, the Statements do not reflect payments to employees relating to wages, salaries and employee benefits within the 90 days preceding the Petition Date.

5.   Intercompany Claims and Transfers. Prior to the Petition Date, the Debtors routinely engaged in intercompany transactions and the balances of such obligations/receivables as of January 19, 2010 are included in the Schedules. Intercompany transfers with non-Debtor affiliates are reflected in the Statements. Intercompany transfers between the Debtors are not reflected in the Statements as it is not practical to do so in light of the number of transfers which result in the ordinary course of the Debtors' operations based on the structure of the Debtors' cash management and operating systems. If upon further review and investigation any intercompany claim balances listed in the Schedules and Statements require updating, the Debtor will update such balances in accordance with Rule 1009 of the Federal Rules of Bankruptcy Procedure, as appropriate.

6.   Other Long-Term Liabilities. The Debtors have accrued certain current expenses and other long-term liabilities that either are not payable at this time or have not yet been reported and, therefore, are not otherwise set forth in the Schedules and Statements. The accrued liabilities, for which the Debtors may have accrued reserves, relate to, among other

CINLibrary 0118422.0573249 2072024v1

things, the Debtors' health insurance, workers' compensation insurance and federal, state and local taxes.

7.     No Admissions.  Any failure to designate a claim on the Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated."  The Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules as to amount, liability or classification or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."  Listing a claim does not constitute an admission of liability by the Debtors. Moreover, the categorization of any claims in the Debtors' Schedules shall not constitute (i) an admission by the Debtors as to the legal rights of the claimant or (ii) a waiver of the Debtors' rights to recharacterize, reclassify or otherwise object to such claim.

8.     Insiders:     The Debtors have provided information in the Schedules and Statements concerning transactions with "insiders."  Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to (a) whether such parties are "insiders" within the definition of "insider" under section 101(31) of the Bankruptcy Code; (b) such parties' influence over the control of the Debtors, (c) the management responsibilities or functions of such parties, (d) the decision-making or corporate authority of such parties, or (e) whether such parties could successfully argue that such parties are not an "insider" under applicable law.

CINLibrary 0118422.0573249 2072024v1

**B6 Summary (Official Form 6 - Summary) (12/07)**
**UNITED STATES BANKRUPTCY COURT**
**District of Delaware**

In re: **Specialty Packaging Holdings, Inc.**                    **Case No. 10-10142 (KG)**

**Chapter 11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (YES/NO) | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 14 | $3,521.96 | | |
| C - Property Claimed as Exempt | NO | N/A | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $16,129,198.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 4 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 4 | | $1,000,000.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 2 | | | |
| H - Codebtors | YES | 2 | | | |
| I - Current Income of Individual Debtor(s) | NO | N/A | | | |
| J - Current Expenditures of Individual Debtor(s) | NO | N/A | | | |
| **TOTAL** | | **29** | **$3,521.96** | **$17,129,198.00** | |

9910142100305144834972646

**In re: Specialty Packaging Holdings, Inc.**                              **Case No. 10-10142 (KG)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---|---|---|
| NONE | | | | |
| | | Total | $0.00 | |

(Report total also on Summary of Schedules.)

**In re: Specialty Packaging Holdings, Inc.**                    **Case No. 10-10142 (KG)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007 (m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | $0.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of America<br>Bank of America Chicago 355, Chicago, IL<br>Acct #xxxxxx9392 | | $3,521.96 |

Subtotal (Total on this page)          **$3,521.96**

**In re: Specialty Packaging Holdings, Inc.**                    **Case No. 10-10142 (KG)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | $0.00 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | $0.00 |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | $0.00 |

Subtotal (Total on this page) **$0.00**

**In re: Specialty Packaging Holdings, Inc.**                              **Case No. 10-10142 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 6.  Wearing apparel. | X | | | $0.00 |
| 7.  Furs and jewelry. | X | | | $0.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | $0.00 |

Subtotal (Total on this page)    **$0.00**

**In re: Specialty Packaging Holdings, Inc.**                    **Case No. 10-10142 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | See Attachment B9 | | Unknown |
| 10. Annuities. Itemize and name each issuer. | X | | | $0.00 |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

**In re: Specialty Packaging Holdings, Inc.**                                    **Case No. 10-10142 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | $0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Specialty Packaging Group, Inc. 1100 Garrett Pkwy, Lewisburg, TN 37091 Ownership: 100% | | Unknown |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

**In re: Specialty Packaging Holdings, Inc.**                                              **Case No. 10-10142 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | $0.00 |
| 16.  Accounts Receivable. | X | | | $0.00 |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | $0.00 |

Subtotal (Total on this page) | **$0.00**

**In re: Specialty Packaging Holdings, Inc.**                                          **Case No. 10-10142 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | $0.00 |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | $0.00 |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | $0.00 |

Subtotal (Total on this page)    **$0.00**

**In re: Specialty Packaging Holdings, Inc.**                                             **Case No. 10-10142 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | $0.00 |
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | $0.00 |
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | $0.00 |

Subtotal (Total on this page)      **$0.00**

**In re: Specialty Packaging Holdings, Inc.**                                        **Case No. 10-10142 (KG)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | $0.00 |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | $0.00 |
| 26.  Boats, motors, and accessories. | X | | | $0.00 |

Subtotal (Total on this page) **$0.00**

**In re: Specialty Packaging Holdings, Inc.**                    **Case No. 10-10142 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 27. Aircraft and accessories. | X | | | $0.00 |
| 28. Office equipment, furnishings, and supplies. | X | | | $0.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | $0.00 |

Subtotal (Total on this page)     **$0.00**

**In re: Specialty Packaging Holdings, Inc.**                                           **Case No. 10-10142 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 30. Inventory. | X | | | $0.00 |
| 31. Animals. | X | | | $0.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | $0.00 |

Subtotal (Total on this page)     **$0.00**

**In re: Specialty Packaging Holdings, Inc.**                                    **Case No. 10-10142 (KG)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 33.  Farming equipment and implements. | X | | | $0.00 |
| 34.  Farm supplies, chemicals, and feed. | X | | | $0.00 |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | $0.00 |

Subtotal (Total on this page)      **$0.00**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| | |
|---|---|
| Subtotal (Total on this page) | **$0.00** |
| Total | **$3,521.96** |

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

| Insurer | Policy Number | Beneficiary | Insured party | Face value | Cash surrender value | Type of Policy |
|---|---|---|---|---|---|---|
| Twin City Fire Insurance Co. - The Hartford | 00 KB 0249413-09 | Specialty Packaging Holdings, Inc. | Specialty Packaging Holdings, Inc. | Unknown | Unknown | Director's, Officers and Entity Liability |
| Travelers | Y-810-3830C614-TIL-09 | Specialty Packaging Holdings, Inc. | Specialty Packaging Holdings, Inc. | Unknown | Unknown | Commercial Automobile Insurance |
| Charter Oak Fire Insurance Company (Travelers) | Y-630-3830C614-COF-09 | Specialty Packaging Holdings, Inc. | Specialty Packaging Holdings, Inc. | Unknown | Unknown | Deluxe Property Insurance |
| American International Specialty Lines Insurance Company | EG 381143 | Cosmolab Inc. | Specialty Packaging Holdings, Inc. | Unknown | Unknown | Commercial General Liability and Pollution |
| **TOTAL** | | | | **Unknown** | **Unknown** | |

**In re: Specialty Packaging Holdings, Inc.**            **Case No. 10-10142 (KG)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND AN ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Bank of America As Agent 135 South LaSalle St Ste 828 Chicago, IL 60603 | X | | Revolver | | | | $12,401,975.00 | Unknown |

| | | |
|---|---|---|
| Subtotal(s) (Total(s) on this page) | **$12,401,975.00** | **$0.00** |

**In re: Specialty Packaging Holdings, Inc.**  Case No. 10-10142 (KG)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND AN ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Bank of America As Agent 135 South LaSalle St Ste 828 Chicago, IL 60603 | X | | Term Loan | | | | $3,727,223.00 | Unknown |

|  | | |
|---|---|---|
| Subtotal(s) (Total(s) on this page) | **$3,727,223.00** | **$0.00** |
| Total(s) (Use only on last page) | **$16,129,198.00** | **$0.00** |
|  | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

**In re: Specialty Packaging Holdings, Inc.**                              Case No. 10-10142 (KG)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIM  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**In re: Specialty Packaging Holdings, Inc.**                                    **Case No. 10-10142 (KG)**

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507 (a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**In re: Specialty Packaging Holdings, Inc.**                                    **Case No. 10-10142 (KG)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Department of the Treasury Internal Revenue Service Internal Revenue Service PO Box 21126 Philadelphia, PA 19114 | | | US Corporation Income Tax | | X | | Unknown | Unknown | Unknown |
| ILLINOIS DEPARTMENT OF REVENUE PO Box 19045 SPRINGFIELD, IL 62794 | | | Corporation Income and Replacement Tax | | X | | Unknown | Unknown | Unknown |

Subtotals (Totals on this page)  **$0.00**  **$0.00**  **$0.00**

**In re: Specialty Packaging Holdings, Inc.**                    **Case No. 10-10142 (KG)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Subtotals (Totals on this page): | | | | | | | $0.00 | $0.00 | $0.00 |
| Total: (Report also on the Summary of Schedules) | | | | | | | $0.00 | | |
| Totals: (Report also on the Statistical Summary of Certain Liabilities Related Data) | | | | | | | | $0.00 | $0.00 |

**In re: Specialty Packaging Holdings, Inc.**                                   **Case No. 10-10142 (KG)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.   See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Consolidated Investment Enterprises, Ltd c/o Nazer Group Alireza Tower 12th Fl Medinah Rd Jeddah,  21432 SAUDI ARABIA | | | Subordinated Convertible PIK Promissory Note, 1/20/09, debt is subject to certain subordination agreements in favor of Bank of America, as agent and lender | X | | | $125,000.00 |
| Daniel LaRese Address on file | | | Subordinated Convertible PIK Promissory Note, 1/20/09, debt is subject to certain subordination agreements in favor of Bank of America, as agent and lender | X | | | $5,500.00 |

Subtotal (Total on this page)    **$130,500.00**

**In re: Specialty Packaging Holdings, Inc.**                                        **Case No. 10-10142 (KG)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Hugh Hasty<br>Address on file | | | Subordinated Convertible PIK Promissory Note, 1/20/09, debt is subject to certain subordination agreements in favor of Bank of America, as agent and lender | X | | | $5,500.00 |
| Jean Marie Colle<br>Address on file | | | Subordinated Convertible PIK Promissory Note, 1/20/09, debt is subject to certain subordination agreements in favor of Bank of America, as agent and lender | X | | | $20,000.00 |
| Nicole C Korczak<br>Address on file | | | Subordinated Convertible PIK Promissory Note, 1/20/09, debt is subject to certain subordination agreements in favor of Bank of America, as agent and lender | X | | | $100,000.00 |
| Robert Phillips<br>Address on file | | | Subordinated Convertible PIK Promissory Note, 1/20/09, debt is subject to certain subordination agreements in favor of Bank of America, as agent and lender | X | | | $35,000.00 |

Subtotal (Total on this page)                **$160,500.00**

**In re: Specialty Packaging Holdings, Inc.**                    **Case No. 10-10142 (KG)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Specialty Packaging Corporation, Ltd c/o Paget Brown & Co West Wind Building PO Box 1111 George Town Grand Cayman, CAYMAN ISLANDS BWI | | | Subordinated Convertible PIK Promissory Note, 1/20/09, debt is subject to certain subordination agreements in favor of Bank of America, as agent and lender | X | | | $501,500.00 |
| Thomas Byrne Address on file | | | Subordinated Convertible PIK Promissory Note, 1/20/09, debt is subject to certain subordination agreements in favor of Bank of America, as agent and lender | X | | | $27,500.00 |
| Thomas Moloney Address on file | | | Subordinated Convertible PIK Promissory Note, 1/20/09, debt is subject to certain subordination agreements in favor of Bank of America, as agent and lender | X | | | $55,000.00 |
| Wayne Hummer Trust Company, Custodian for the H Richard Dallas IRA Wintrust Asset Management 727 North Bank Ln Lake Forest, IL 60045 | | | Subordinated Convertible PIK Promissory Note, 1/20/09, debt is subject to certain subordination agreements in favor of Bank of America, as agent and lender | X | | | $125,000.00 |

Subtotal (Total on this page)          **$709,000.00**

**In re: Specialty Packaging Holdings, Inc.**                                    **Case No. 10-10142 (KG)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| | |
|---|---|
| Subtotal (Total on this page) | **$0.00** |
| Total | **$1,000,000.00** |
| (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | |

**In re: Specialty Packaging Holdings, Inc.**                                           **Case No. 10-10142 (KG)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m)

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| See Attachment G | |

| Name of other parties to lease or contract | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Description of contract or lease and nature of debtor's interest. State whether lease is of nonresidential real property. State contract number of any government contract. |
|---|---|---|---|---|---|---|---|---|
| AIG (American International Specialty Lines Ins.Co.) | 101 Hudson Street  31st Fl | Manager, Pollution Insurance Products Dept | AIG Domestic Claims, Inc Attn: CID | Jersey City | NJ | 07302-0000 | | Commercial General Liability and Pollution |
| Broker: Regions Insurance, Inc. | 1465 E Joyce Blvd Ste 205 | | | Fayetteville | AR | 72703 | | |
| Charter Oak Fire Insurance Company (Travelers) | One Tower Square | | | Hartford | CT | 06183 | | Deluxe Property Insurance |
| Broker: Regions Insurance, Inc. | 1465 E Joyce Blvd Ste 205 | | | Fayetteville | AR | 72703 | | |
| Hugh Hasty | Address on file | | | | | | | Non-Qualified Stock Option Agreement |
| Non-Debtor Counter Parties to Non-Disclosure Agreements excuted in connection with Sale | | | | | | | | Beneficiary of non-disclosure agreements executed by prospective bidders in connection with the Sale |
| Thomas A. Byrne | Address on file | | | | | | | Amended and Restated Non-Qualified Stock Option Agreement |
| Travelers Property Casualty Company of America | One Tower Square | | | Hartford | CT | 06183 | | Commercial Automobile Insurance |
| Broker: Regions Insurance, Inc. | 1465 E Joyce Blvd Ste 205 | | | Fayetteville | AR | 72703 | | |
| Twin City Fire Insurance Co. | | | | Indianapolis | IN | 46268-0930 | | Directors, Officers and Entity Liability, Employment Practices Liability, Fiduciary Liability Insurance Policy |
| copy to: The Hartford | Compliance Department | Hartford Financial Products | 2 Park Avenue 5th Fl | New York | NY | 10016 | | |
| Broker: Regions Insurance Inc. | Jenny Bradford | 1500 Riverfront Dr. | | Little Rock | AR | 72202 | | |

**In re: Specialty Packaging Holdings, Inc.**                                        **Case No. 10-10142 (KG)**

# SCHEDULE  H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. Bankr. P. 1007(m)

☐ Check this box if debtor has no codebtors.

| NAME AND  ADDRESS OF CODEBTOR | NAME AND  ADDRESS OF CREDITOR |
|---|---|
| Cosmetics Specialties East, LLC<br>1100 Garrett Pkwy<br>Lewisburg, TN 37091 | Bank of America<br>As Agent<br>135 South LaSalle St Ste 828<br>Chicago, IL 60603 |
| Cosmetics Specialties, Inc<br>1100 Garrett Pkwy<br>Lewisburg, TN 37091 | Bank of America<br>As Agent<br>135 South LaSalle St Ste 828<br>Chicago, IL 60603 |
| Cosmolab Asia, Ltd<br>CSSD Plaza No 158 Wangdun Rd 19th Fl<br>Suzhou Industrial Park<br>Jiangsu Province China,  215028 | Bank of America<br>As Agent<br>135 South LaSalle St Ste 828<br>Chicago, IL 60603 |
| Cosmolab Europe, AG<br>21 Bahnhofstr<br>Zug,  6304 | Bank of America<br>As Agent<br>135 South LaSalle St Ste 828<br>Chicago, IL 60603 |

**In re: Specialty Packaging Holdings, Inc.**                                                    **Case No. 10-10142 (KG)**

# SCHEDULE H - CODEBTORS

(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Cosmolab New York, Inc<br>515 Madison Ave Ste 718<br>New York, NY 10022 | Bank of America<br>As Agent<br>135 South LaSalle St Ste 828<br>Chicago, IL 60603 |
| Cosmolab, Inc<br>1100 Garrett Pkwy<br>Lewisburg, TN 37091 | Bank of America<br>As Agent<br>135 South LaSalle St Ste 828<br>Chicago, IL 60603 |
| The Specialty Packaging Group, Inc<br>1100 Garrett Pkwy<br>Lewisburg, TN 37091 | Bank of America<br>As Agent<br>135 South LaSalle St Ste 828<br>Chicago, IL 60603 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

**In re: Specialty Packaging Holdings, Inc.**                              **Case No. 10-10142 (KG)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

I, Lee D. Turner, CFO, Secretary and Treasurer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 37 sheets , and that they are true and correct to the best of my knowledge, information, and belief.

Date ___3/5/2010_____          Signature: ___/ s / Lee D. Turner_____

**Lee D. Turner**

**CFO, Secretary and Treasurer**

-------------------------------------------------------------------------------------------------------------------------------------------

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C.§§ 152 and 3571.**