or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. To the extent that a claim listed on Schedule D as a result of a UCC filing is based upon an executory contract, the Debtors, to the best of their ability, have included those executory contracts on Schedule G. However, there may be instances where an executory contract related to a UCC filing on Schedule D was not available at the time of the filing of the Schedules. To the extent that these additional executory contracts become available, the Debtors reserve the right to amended Schedule G.

i. Schedule E. The Debtor reserves the right to dispute or challenge whether creditors listed on Schedule E are entitled to priority claims.

j. Schedule G. While every effort has been made to ensure the accuracy of the Schedule of Executory Contracts, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature, if any, have been scheduled to the best of the Debtors' knowledge. Additionally, the Debtors may be parties to various other agreements concerning real property, supplemental agreements, amendments/letter agreements, and other miscellaneous agreements. Such agreements, if any, are not set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on these

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **SPECIALTY PACKAGING HOLDINGS, INC., *et al.*,**[1] | : | **Case No. 10-10142 (KG)** **(Jointly Administered)** |
| **Debtors.** | : | |

**SCHEDULES OF ASSETS AND LIABILITIES FOR COSMETICS SPECIALTIES, INC.**

[1] The Debtors in these Chapter 11 cases are (with the last four digits of federal tax identification numbers in parentheses): Specialty Packaging Holdings, Inc. (7942), The Specialty Packaging Group, Inc. (6668), Cosmetics Specialties, Inc. (0826), Cosmolab, Inc. (1367), Cosmetics Specialties East, LLC (0313), and Cosmolab New York, Inc. (2222). The primary mailing address for the Debtors is: 1100 Garrett Parkway, Lewisburg, TN 37091.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 10-10142 (KG)** |
| **SPECIALTY PACKAGING HOLDINGS,** | ) | **(Jointly Administered)** |
| **INC., *et al.*,**[1] | ) | |
| | ) | |
| **Debtors.** | ) | |

## GLOBAL NOTES, DISCLAIMERS AND RESERVATION OF RIGHTS CONCERNING THE DEBTORS' SCHEDULES AND STATEMENTS

The Schedules of Assets and Liabilities and Statements of Financial Affairs (the **"Schedules and Statements"**) filed by Specialty Packaging Holdings, Inc., together with certain of its direct and indirect subsidiaries (collectively, the **"Debtors"**), in the United States Bankruptcy Court for the District of Delaware (the **"Bankruptcy Court"**), were prepared pursuant to 11 U.S.C. § 521 and Fed.R.Bankr.P. 1007 by management of the Debtors and are unaudited. The Debtors have made every reasonable effort to allocate liabilities between prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. While management of the Debtors has made reasonable efforts to file complete and accurate Schedules and Statements based upon information available at the time of preparation, the Schedules and Statements remain subject to further review and verification by the Debtors. Subsequent information may result in material changes in financial and other data contained in the Schedules and Statements. The Debtors reserve their right to amend or supplement their Schedules and Statements from time to time as may be necessary or appropriate. These Global Notes, Disclaimers and Reservation of Rights Concerning the Debtors' Schedules and Statements (the **"Global Notes"**) are incorporated by reference in, and comprise an integral part of, the Schedules and Statements and should be referred to and reviewed in connection with any review of the Schedules and Statements.

1. Description of the Cases and "As Of" Information Date: On January 20, 2010 (the **"Petition Date"**), the Debtors each filed voluntary petitions with the Bankruptcy Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the **"Bankruptcy Code"**). The cases have been consolidated for the purpose of joint administration under case number 10-10142. The Debtors are currently operating their businesses as debtors-in-possession pursuant to the Bankruptcy Code. Except as otherwise noted, all asset and liability information is as of the close of business on January 19, 2010.

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Specialty Packaging Holdings, Inc. (7942), The Specialty Packaging Group, Inc. (6668), Cosmetics Specialties, Inc. (0826), Cosmolab, Inc. (1367), Cosmetics Specialties East, LLC (0313), and Cosmolab New York, Inc. (2222). The primary mailing address for the Debtors is: 1100 Garrett Parkway, Lewisburg, TN 37091



CINLibrary 0118422.0573249 2072024v1

2. Basis of Presentation: These Schedules and Statements consolidate financial information for Debtor entities only and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles (**"GAAP"**), nor are they intended to fully reconcile to any financial statements otherwise prepared and/or distributed by the Debtors.

Given the uncertainty surrounding the collection, valuation and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that the Debtors show more assets than liabilities, this is not an admission that the Debtors were solvent on the Petition Date or at any time prior to the Petition Date. Likewise, to the extent that the Debtors show more liabilities than assets, this is not an admission that the Debtors were insolvent at the Petition Date or any time prior to the Petition Date.

3. Summary of Significant Reporting Policies. The following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

a. Fair Market Value; Book Value. Unless otherwise indicated, each asset and liability of the Debtors shown in their respective Schedules are provided on the basis of the book value of the asset or liability as indicated in the Debtors' respective books and records, net of any applicable depreciation, amortization or reserves. Unless otherwise noted, the net book value as shown on the Debtors' books, rather than the current market values of interests in property and liabilities, is reflected on Debtors' Schedules.

b. Real Property. Real property value is based on a June 1, 2009 appraisal by B.G. Jones & Company LLC. The appraised value of undeveloped land has an aggregate value of $40,000, which the Debtors prorated between the two land properties on a per-acre basis. The Debtors' office/manufacturing facility and warehouse appraised at $3,200,000 "as is" market value. The Debtors prorated the appraised value of the office/manufacturing facility and warehouse on the Schedules using the appraisal results of $3,420,000 and $650,000 respectively under the sales comparison approach.

c. Inventories. Inventories are valued in the Schedules at the values reflected on the Debtors' books and records. Inventory where applicable is presented without consideration for any potential warehousemen's or similar liens. The inventory values reflected in the Schedules include approximately $5,000,000 of inventory which the Debtors believe to be obsolete or otherwise unsalable. Under the terms of the Asset Purchase Agreement with All4 Cosmetics, Inc., which agreement is subject to higher or otherwise better bids in accordance with the sale procedures approved by the Bankruptcy Court, the Debtors are obligated to dispose of the unsalable and obsolete inventory prior to the closing on the sale.

d. Machinery and Equipment. Machinery and equipment values reflected in the Schedules for Cosmolab, Inc. and Cosmetics Specialties, Inc. are based on the June 16, 2009 orderly liquidation appraisal prepared by MEI Corporation. The appraised value reflected for the machinery and equipment of Cosmetics

Specialties, Inc. excludes machinery and equipment sold on October 23, 2009 with the sale of Cosmetics Specialties, Inc.'s jars and closure business.

e. Leased Real and Personal Property. In the ordinary course of businesses, the Debtors lease real property and various articles of personal property from certain third-party lessors. Such leases are set forth in the Schedules and Statements to the extent the Debtors have been able to identify such leases. The property subject to these leases is not reflected in the Schedules and Statements as either owned property or assets of the Debtors or property or assets of third-parties within the control of the Debtors. The obligations under personal property leases have been included in Schedule D (secured debt) to the extent that the Debtors have determined that a valid UCC-1 filing is in effect. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any personal property lease (including whether it is a true lease or a financing arrangement) and the Debtors reserve all rights with respect to all such issues.

f. Causes of Action. The Debtors have not set forth causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

g. Potential Adjustments to Claims. The claims of individual creditors are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, potential set-off rights or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights respecting such credits, allowances, potential set-off rights or other adjustments.

h. Schedule D.

On February 17, 2005, the Debtors, various financial institutions (the **"Pre-Petition Lenders"**) and Bank of America, N.A., as Administrative Agent and as a Pre-Petition Lender, entered into that certain Amended and Restated Credit Agreement (as amended, restated, or otherwise modified from time to time, the "**Pre-Petition Credit Agreement**"). Among other financial accommodations, the Pre-Petition Credit Agreement provided for a revolving credit facility of up to $15,750,000, subject to a borrowing base, a term loan of $5,700,000, and capital expenditure loans of up to $2,000,000. The Specialty Packaging Group, Inc. is the obligor and Specialty Packaging Holdings, Inc and certain direct and indirect subsidiaries of The Specialty Packaging Group, Inc. are guarantors under the Pre-Petition Credit Agreement. The Pre-Petition Credit Agreement is secured by substantially all of the assets of the Debtors.

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute